NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

LABORERS INTERNATIONAL UNION
OF NORTH AMERICA, LOCAL UN-
ION NO. 576, AFL–CIO, Respondent.

No. 83–5852.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 12, 1984.

Decided Feb. 15, 1985.

Elliott Moore, John Welsh, argued, Depu-
ty Associate Gen. Counsel, N.L.R.B., Wash-
ington, D.C., for petitioner.

Charles R. Isenberg, Thomas J. Schulz,
argued, Segal, Isenberg, Sales & Stewart,
Louisville, Ky., for respondent.

---

\* Honorable Robert E. DeMascio, United States
District Court for the Eastern District of Michi-

Before ENGEL and WELLFORD, Cir-
cuit Judges, and DEMASCIO, District
Judge.\*

PER CURIAM.

The National Labor Relations Board
(NLRB) here petitions the court for the
enforcement of an order entered against
Laborers International Union of North
America, Local Union No. 576, AFL–CIO
(Union) on August 26, 1983. In that order
and decision reported at 267 NLRB No.
109, the NLRB found that the Union had
unlawfully caused an employer to discrimi-
nate against an employee on the basis of
nonmembership in a union in violation of 29
U.S.C. § 158(b)(2). The Union has refused
to comply with the NLRB's order awarding
the employee lost wages, benefits, and oth-
er remedies.

In this enforcement proceeding the Un-
ion asserts that the decision of the Admin-
istrative Law Judge (ALJ), affirmed by the
NLRB, was not supported by sufficient
evidence and that the ALJ improperly eval-
uated the evidence presented.

Kenneth E. Goode worked for Arthur B.
Myr Sheet Metal Industries, Inc. (Myr)
from November 4, 1981 until he was laid
off on November 21, 1981. On December
31, 1981, Goode filed an unfair labor charge
against the Union, alleging that the Union
had caused his employer to discriminate
against him because he was not a member
of the Union; Goode claimed that the Un-
ion had thereby violated 29 U.S.C.
§ 158(b)(2). The NLRB issued a complaint
against the Union and a hearing was held
before Administrative Law Judge Elbert D.
Gadsden.

The testimony given at the administra-
tive hearing established that the Union
president and Myr's job superintendent
Phillip McCoy met and discussed Goode's
employment, but the substance of that dis-
cussion was disputed. Goode introduced
testimony to establish that the Union presi-

gan, sitting by designation.

dent spoke with McCoy in order to have Goode discharged; Goode claimed that the Union president sought his discharge because he was filling a job which could have been held by an unemployed Union member. The Union president testified that he spoke with McCoy only to inform him that there were many unemployed Union members and to request that any future hiring by Myr be made from the Union ranks. McCoy testified that in their conversation the Union president merely expressed his concern about how Union members would feel about Myr hiring a non-Union employee. McCoy further testified that Goode was laid off because they intended to cut back on employees.

The ALJ credited Goode's testimony and the corroborating testimony of Goode's father and entered a decision and order against the Union. The NLRB confirmed the ALJ's decision and order with little modification. The NLRB ordered the Union to compensate Goode for any loss of wages or benefits he may have suffered and to request that Myr rehire Goode. The Union has refused to comply with the order, and the NLRB here petitions for enforcement.

Upon a careful review of the record as a whole, the court is fully satisfied that the issues raised by the respondent relate solely to findings of fact, findings which we conclude are fully supported by substantial evidence and ought not be disturbed on review.

Accordingly, the order and the decision of the NLRB are ENFORCED.